UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIGUEL LOMELI AGUILA**<br><br>　　　　**Plaintiff,**<br><br>　　　　**v.**<br><br>**THE UNITED STATES OF AMERICA, THE UNITED STATES DRUG ENFORCEMENT AGENCY, UNKNOWN NAMED DRUG ENFORCEMENT AGENCY AGENTS 1-10, UNKNOWN NAMED SUPERVISING DRUG ENFORCEMENT AGENCY AGENTS 11-20,**<br><br>　　　　**Defendants.** | **1:08-cv-01149 OWW SMS**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER (DOC. 8)** |

**I. INTRODUCTION.**

Plaintiff Miguel Lomeli Aguila ("Aguila") brings this action alleging wrongful arrest and detention by the United States Drug Enforcement Agency and its agents, asserting claims for: 1) assault, battery, false arrest and imprisonment, and intentional infliction of emotional distress under the Federal Tort Claims Act, 2) for violation of his Fourth and Fifth Amendment rights under 42 U.S.C. § 1983, and 3) for *Bivens* civil rights

1

violations.

Before the court for decision is Plaintiff's motion to transfer this action pursuant to 28 U.S.C. § 1406(a), or in the alternative, pursuant to 28 U.S.C. § 1404(a), to the Central District of California. Plaintiff moves to transfer on the ground of improper venue, explaining that his counsel inadvertently filed the case in the Eastern District of California and all witnesses and evidence related to the case are located in or near Orange County, California.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

On July 30, 2006, Plaintiff was taken into custody by the Santa Ana Police Department in Santa Ana, California. The following day, agents of the United States Drug Enforcement Agency ("DEA") obtained a court order to take Plaintiff into federal custody and he was taken to federal prison in Los Angeles, California. The United States Attorney for the Central District of California brought charges of conspiracy to possess with intent to distribute a controlled substance against Plaintiff and he was detained pursuant to the charges. On August 7, 2006, Plaintiff was arraigned and pled not guilty to all counts. On January 5, 2007, upon motion of the U.S. Attorney for the Central District of California, the court dismissed the case with prejudice.

Plaintiff filed his complaint on August 7, 2008. (Doc. 1.) Plaintiff filed this motion to transfer on October 9, 2008. (Doc. 8.) Defendant United States of America filed its statement of non-opposition on December 1, 2008. (Doc. 10.)

## III. <u>DISCUSSION</u>.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also King v. Russell*, 963 F.2d 1301 (9th Cir. 1992). The proper venue for actions against an officer or employee of the United States is prescribed by 28 U.S.C. § 1391(e):

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which 1) a defendant in the action resides, 2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or 3) the plaintiff resides if no real property is involved in the action.

Here it is undisputed that all of the "events or omissions giving rise to the claim" occurred in Orange and Los Angeles counties, which are both located within the Central District of California, and that no events or omissions related to this case occurred in the Eastern District of California. Plaintiff was arrested in Santa Ana, California, detained in Los Angeles, and charged by the U.S. Attorney for the Central District of California. Plaintiff admits that he made an inadvertent mistake when he stated in his complaint that venue was proper in the Eastern District because "all injuries complained of herein were caused and suffered in the County of Kern...." (Doc. 1, Complaint at 2.) Plaintiff's counsel explains that when he filed

3

Plaintiff's complaint, he mistakenly used an old template of a complaint from an earlier case arising from Kern County. (Doc. 8 at 5.) In addition, Plaintiff asserts that no Defendant or Plaintiff involved in this case resides within the Eastern District of California and most, if not all, of the Defendants reside in the Central District of California. Since none of the venue requirements of 28 U.S.C. § 1391(e) are met, venue is improper in the Eastern District of California.

### IV. CONCLUSION.

Because the Defendants reside there and the arrest and incarceration of Plaintiff occurred there, venue is proper in the United States District Court, Central District of California. Defendants do not oppose the motion. Accordingly, the § 1406(a) motion to transfer is GRANTED. The clerk is ORDERED to transfer this case to the Southern Division of the Central District of California.

IT IS SO ORDERED.

**Dated:   December 23, 2008**          /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE